**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KEVIN JOE PICOTTE,  )
            Petitioner,  )    3:07-cv-0190-PMP-RAM
       vs.  )  **ORDER**
E.K. McDANIEL, *et al.*,  )
            Respondents.  )
_____/

This action proceeds on a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Kevin Picotte, a Nevada prisoner. Before the Court are respondents' motion to dismiss (Docket #30), petitioner's motion for a stay (Docket #46), petitioner's motion to amend the petition (Docket #47), petitioner's motion to file a second amended petition (Docket #53), and the parties' responses and replies to said motions.

**I.    Procedural History**

On February 18, 1998, petitioner was charged by information with Count I, murder, and Counts II and III, kidnapping in the first degree. (Exhibit 3).[1] On February 12, 1999, following

---

[1] The exhibits referenced in this order are found in the Court's record at Docket #32-39, 54, 62, and 66.

1  a jury trial, the jury found petitioner guilty on Count III, kidnapping in the first degree with the use
2  of a deadly weapon, causing substantial bodily harm. (Exhibit 32). The trial court declared a
3  mistrial without prejudice as to Counts I and II, after the jury deadlocked on these counts. (Exhibit
4  73, at pp. 58-59). On March 18, 1999, the court sentenced petitioner on Count III to life without the
5  possibility of parole, with a like consecutive term for the use of a deadly weapon causing substantial
6  bodily harm. (Exhibit 35, at p. 8). The judgment of conviction was entered the same day. (Exhibit
7  36).

8        On March 29, 1999, petitioner filed a notice of appeal. (Exhibit 38). The Nevada
9  Supreme Court stayed petitioner's direct appeal pending the outcome of his retrial on Counts I and
10 II. (Exhibit 52).

11       Petitioner's second trial on Counts I and II commenced on September 14, 1999.
12 (Exhibit 59). On September 24, 1999, the jury found petitioner guilty of first-degree murder and
13 first-degree kidnapping. (Exhibit 67). On September 27, 1999, the court held a penalty hearing
14 before the jury on the first-degree murder charge. (Exhibit 73). The jury set a penalty of life in
15 prison without the possibility of parole. (Exhibit 71). The court sentenced petitioner on the first-
16 degree murder charge to life in prison without the possibility of parole, with a like consecutive
17 sentence for the deadly weapon enhancement; both counts to run consecutive to Count III. (Exhibit
18 74). On Count II, the court sentenced petitioner to life without the possibility of parole, with a like
19 consecutive sentence for the deadly weapon enhancement; both counts to run consecutive to Count I.
20 (Exhibit 73, at p. 62). The judgment of conviction was entered the same day. (Exhibit 74).

21       Petitioner filed a notice of appeal on October 21, 1999. (Exhibits 76 and 78). On
22 February 28, 2000, the Nevada Supreme Court consolidated petitioner's direct appeals from the two
23 trials and ordered petitioner to file a single opening brief. (Exhibit 87). On May 21, 2001, the
24 Nevada Supreme Court affirmed petitioner's convictions. (Exhibit 109). Remittiturs were issued on
25 June 18, 2001. (Exhibit 116 and 117).

26

On February 19, 2002, petitioner filed a post-conviction habeas petition in the state district court. (Exhibit 119). Following the appointment of counsel, petitioner supplemented his state petition on June 3, 2002. (Exhibit 126). The district court partially dismissed the petition and ordered an evidentiary hearing on petitioner's surviving claim that counsel failed to investigate an alibi defense. (Exhibit 139). Following an evidentiary hearing on February 19, 2003, the state district court denied the post-conviction petition. (Exhibit 151). The court issued a written judgment on March 13, 2003. (Exhibit 154).

On March 17, 2003, petitioner appealed. (Exhibit 156). The Nevada Supreme Court affirmed in part and remanded the matter to the state district court to conduct an evidentiary hearing on petitioner's claim of ineffective assistance of counsel. (Exhibit 179, at pp. 6-7). Remittitur was issued on July 27, 2004. (Exhibit 185).

An evidentiary hearing was held on December 1, 2005, and the state district court denied petitioner's surviving claim. (Exhibit 193). On February 17, 2006, the court entered its written judgment. (Exhibit 195). On February 23, 2006, petitioner appealed. (Exhibit 196). On November 15, 2006, the Nevada Supreme Court affirmed the judgment of the state district court. (Exhibit 215). The remittitur issued on December 12, 2006. (Exhibit 217).

On April 10, 2007, petitioner dispatched his federal habeas petition to this Court. (Petition, at Docket #8, p. 1). Petitioner raises three grounds in his petition. (Docket #8). On October 29, 2007, petitioner filed a "Statement of Additional Facts." (Docket #10). Respondents previously moved for a more definite statement. On October 30, 2008, this Court denied the motion. (Docket #22).

**II.    Discussion**

    **A. Motion to Dismiss Petition**

Respondents seek dismissal of this action because all claims in the petition are unexhausted.

3

1        A federal court will not grant a state prisoner's petition for habeas relief until the
prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S.
509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on
each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v.
Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim
remains unexhausted until the petitioner has given the highest available state court the opportunity to
consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,*
386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

        A habeas petitioner must "present the state courts with the same claim he urges upon
the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional
implications of a claim, not just issues of state law, must have been raised in the state court to
achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404
U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is]
asserting claims under the United States Constitution" and given the opportunity to correct alleged
violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala
v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a
simple and clear instruction to potential litigants: before you bring any claims to federal court, be
sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.
2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

        A claim is not exhausted unless the petitioner has presented to the state court the
same operative facts and legal theory upon which his federal habeas claim is based. *Bland v.
California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is
not met when the petitioner presents to the federal court facts or evidence which place the claim in a
significantly different posture than it was in the state courts, or where different facts are presented at
the federal level to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir.

1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

### 1. Ground 1

Petitioner claims that his Fourteenth Amendment rights were violated because the trial judge who presided over both of his trials was biased. (Docket #8, at pp. 3-4). In the petition, petitioner claims that he raised this issue to the Nevada Supreme Court on appeal from the denial of his February 19, 2002 state habeas petition. (Exhibit 119). Petitioner did not present a claim of judicial bias to the Nevada Supreme Court as alleged in Ground 1 of his federal petition. (Petitioner's Opening Briefs on Appeal, at Exhibits 96, 171, 206). Ground 1 of the federal petition is unexhausted.

### 2. Ground 2

Petitioner raises several claims that trial counsel was ineffective in violation of his Sixth and Fourteenth Amendment rights. (Docket #8, at p. 11). Petitioner alleges that he raised claims in Ground 2 of the federal petition to the Nevada Supreme Court on appeal from the denial of his February 19, 2002 state habeas petition. (Exhibit 119). Petitioner raised certain claims of ineffective assistance of counsel to the Nevada Supreme Court, but he never raised any of the factual bases in Ground 2 of the federal habeas petition. (Exhibit 96, 171, 206). All claims raised in Ground 2 of the federal petition are unexhausted.

### 3. Ground 3

Petitioner raises several claims that his appellate counsel was ineffective in violation of his Sixth and Fourteenth Amendment rights. (Docket #8, at p. 14). Petitioner alleges that he raised claims in Ground 3 of the federal petition to the Nevada Supreme Court on appeal from the denial of his February 19, 2002 state habeas petition. (Exhibit 119). Petitioner presented some claims of ineffective assistance of appellate counsel to the Nevada Supreme Court, he never raised the factual bases in Ground 3 of his federal habeas petition. (Exhibits 96, 171, 206). In addition, to

1  the extent that petitioner claims that trial counsel was ineffective, those claims are unexhausted, as is
2  petitioner's substantive due process issues in Ground 3 of the federal petition.  All claims raised in
3  Ground 3 of the federal petition are unexhausted.

### 4. Ground asserted in Statement of Additional Facts

In petitioner's "Statement of Additional Facts," filed October 29, 2007, petitioner claims that his rights to due process and a fair trial were violated based on an alleged erroneous jury instruction. (Docket #10).  Petitioner concedes that this claim is unexhausted.  (*Id.*, at p. 2). Petitioner did not present any claim to the Nevada Supreme Court challenging any jury instructions used at either of his trials.  Petitioner's claim asserted in his "Statement of Additional Facts" is unexhausted.

Petitioner concedes that all claims in the original petition are unexhausted.  (Docket #45, at p. 4).  The Court is obligated to dismiss a petition that contains no exhausted claims.  28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 521-22 (if State remedies have not been exhausted as to all claims, the district court mist dismiss the petition); *Jiminez v. Picotte*, 276 F.3d 478, 481 (9th Cir. 2001) ("Once [Appellee] moved for dismissal, the district court was obligated to dismiss immediately, as the petition contained no exhausted claims.") (internal citations omitted); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."); *see also Valerio v. Crawford*, 306 F.3d 742, 770 (9th Cir. 2002) (en banc).

### B. Motion for Stay and Abeyance

Petitioner's response to the motion to dismiss also included a motion for a stay and abeyance.  (Docket #45, #46).

In the situation of a partially unexhausted, or "mixed" petition, the Ninth Circuit developed a three-step procedure allowing: (1) a petitioner to amend his petition to delete any unexhausted claims; (2) the court in its discretion to stay and hold in abeyance the amended, fully

exhausted petition, providing the petitioner the opportunity to return to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner to return to federal court and amend his federal petition to include the newly exhausted claims. *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143, 1148, 1148-49. Three years after *Kelly*, the United States Supreme Court held that federal courts may issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims in a mixed petition, before proceeding with their federal petition. *Rhines v. Weber*, 544 U.S. 269, 276-77 (2005). In *Rhines*, the Court further held that "stay-and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. The Court further held that stays are inappropriate when the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id.* at 277-78.

After the *Rhines* decision, the Ninth Circuit, in *Jackson v. Roe*, 425 F.3d 654 (9th Cir. 2005), noted the distinctions between the *Rhines* and *Kelly* procedures. As *Jackson* explained, *Rhines* allows a district court to stay a mixed petition, and does not require the dismissal of unexhausted claims while the petitioner attempts to exhaust them in state court. In contrast, the three-step procedure in *Kelly* allows the stay of fully exhausted petitions requiring that any unexhausted claims be dismissed. *Jackson v. Roe*, 425 F.3d at 661. Recently, the Ninth Circuit held that the *Rhines* "good cause" limitation is not applicable to the *Kelly* procedure. *King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009).

In the instant case, petitioner is not entitled to utilize either the *Rhines* or the *Kelly* procedures, as this case does not involve a "mixed" petition. Rather, the original federal habeas petition is completely unexhausted. Petitioner concedes that all of the claims in his original petition are unexhausted. (Docket #45, at p. 4). However, petitioner urges this Court to "drop the unexhausted grounds from the petition, state the exhausted grounds, and then place the petition in

1  stay and abeyance until after he has exhausted his grounds as presented in his state Petitions."
2  (Docket #45, at p. 4). Neither *Rhines* nor *Kelly* permits a petitioner to add allegedly exhausted
3  claims to a pending, completely unexhausted petition in order to create a mixed petition. *See e.g.*
4  *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (expressly declining to allow a *Rhines* stay
5  and abeyance where the original habeas petition contained only unexhausted claims, but the record
6  showed that there were exhausted claims that could have been included).

7  Unlike the situation where the court is presented with a mixed petition, the court is
8  required to dismiss a petition that contains only exhausted claims. 28 U.S.C. § 2254(b)(1); *Rose v.*
9  *Lundy*, 455 U.S. 509, 521-22 (if State remedies have not been exhausted as to all claims, the district
10 court mist dismiss the petition); *Jiminez v. Picotte*, 276 F.3d 478, 481 (9th Cir. 2001) ("Once
11 [Appellee] moved for dismissal, the district court was obligated to dismiss immediately, as the
12 petition contained no exhausted claims.") (internal citations omitted). Petitioner's original federal
13 habeas petition contains no exhausted claims and will be dismissed.

**C. Motions to Amend the Petition**

On July 2, 2009, petitioner filed a motion to amend the petition, with an attached
proposed amended petition. (Docket #47). On July 29, 2009, petitioner filed a motion for leave to
file a second amended petition, again with an attached proposed second amended petition. (Docket
#53). Respondents oppose both motions. (Docket #56 and Docket #68).

Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil
Procedure, as follows:

> A party may amend the party's pleading once as a matter of course any
> time before a responsive pleading is served or, if the pleading is one to
> which no responsive pleading is permitted and the action has not been
> placed upon the trial calendar, the party may so amend it at any time
> within 20 days after it is served. Otherwise a party may amend the
> party's pleading only by leave of court or by written consent of the
> adverse party; and leave shall be freely granted when justice so
> requires. A party shall plead in response to an amended pleading
> within the time remaining for response to the original petition or

> within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed. R. Civ. P. 15(a). A "pleading" is defined as a complaint and answer; a reply to a counterclaim; an answer to a cross-claim; and a third party complaint and answer. Fed. R. Civ. P. 7(a). Anything else is a motion or paper. *See* Fed. R. Civ. P. 7(b). Rule 11 of the Rules Governing Section 2254 cases provides that the Federal Rules of Civil Procedure apply to habeas corpus proceedings "to the extent that they are not inconsistent with any statutory provisions of these rules." Habeas Rule 4 provides that following preliminary review of a petition, if the judge does not dismiss the petition, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." The comments following Habeas Rule 4 provide: "The amended rule reflects that the response to a habeas petition may be a motion." Comments, Rule 4, 2004 Amendments. For habeas corpus petitions filed pursuant to 28 U.S.C. § 2254, a motion to dismiss is treated as a responsive pleading. As such, petitioner may amend his petition only by leave of court.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings" though each factor is not necessarily given equal weight. *Bonin v. Calderon*, 59 F.3d 815, 844-45 (9th Cir. 1995); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (the court may consider whether there is evidence of "undue delay, bad faith or dilatory motive" as to whether the motion to amend should be granted). A district court may deny a motion to amend where the movant presents no new facts, only new theories, with no satisfactory explanation for the failure to fully develop the contentions in the first place. *Bonin*, 59 F.3d at 844-45.

In the instant case, petitioner initiated his federal habeas action on April 10, 2007, when he mailed his habeas petition to the Court. (Docket #1 and #8). Habeas Rule 2 requires that a petition for a writ of habeas corpus must specify all grounds for relief available to the petitioner and

9

1  must state the facts supporting each ground. Rule 2(c)(1)-(2). Petitioner used the form petition
2  provided by the Court that advises petitioner to "state concisely every ground for which you claim
3  that the state court conviction and/or sentence is unconstitutional." (Docket #8, at p. 3, 11, 14). The
4  form petition advises petitioner that he "must raise in this petition all grounds for relief that relate to
5  this conviction. Any grounds not raised in this petition will likely be barred from being litigated in a
6  subsequent action." (Docket #8). In this Court's order, filed September 27, 2007, petitioner was
7  advised that: "The petition should contain all claims, both exhausted and unexhausted, that petitioner
8  believes might be a basis for granting relief from the criminal conviction or sentence." (Docket #7 ,
9  at p. 2). The Court further warned: "If petitioner is aware of any claim and fails to inform this Court
10 as provided below, the abuse of the writ rules may bar petitioner from ever raising such claim in a
11 federal court." (*Id.*). The Court further advised petitioner that: "If petitioner knows or learns of any
12 exhausted or unexhausted claims which are not included in the present petition, petitioner should
13 inform the Court of these additional claims as provided below." (*Id.* at p. 3). The Court's order
14 granted petitioner 30 days to inform the Court of any and all additional claims by means of a written
15 document entitled "Statement of Additional Claims." (*Id.*).

16       On October 29, 2007, petitioner filed a "Statement of Additional Facts," in which he
17 presented one additional ground for relief. (Docket #10). On April 13, 2009, respondents filed their
18 motion to dismiss the petition. (Docket #30).

19       In his July 2, 2009 motion to amend, petitioner states that he wants to add four
20 exhausted grounds of relief to this federal petition that correspond to grounds presented to the
21 Nevada Supreme Court on appeal from the denial of his state habeas petition. (Docket #47, at p. 4).
22 Petitioner concedes that he had notice of those claims at the time they were presented to the Nevada
23 Supreme Court on March 27, 2006, when petitioner filed his opening brief in the Nevada Supreme
24 Court on appeal from the denial of his habeas petition. (*See* Exhibit 206). In his July 29, 2009
25 motion to file a second amended petition, petitioner seeks to amend to include claims that were
26

10

previously presented to the Nevada Supreme Court. (Docket #53). As to both motions to amend the petition, petitioner offers no excuse for why he failed to include all claims in his original habeas petition, or in his "Statement of Additional Facts," filed October 29, 2007. Indeed, petitioner ignored this Court's prior admonishments to set forth any and all claims for relief, exhausted or unexhausted, of which he was aware, in the petition or in a Statement of Additional Claims. Petitioner's motion for leave to amend was made only once he learned that the claims he presented in his original petition were unexhausted. Petitioner's motion to amend the petition was merely made in response to the motion to dismiss the petition. Petitioner was aware of the issues presented to the Nevada Supreme Court, but instead chose to present different issues to this Court in his original federal habeas petition and in his "Statement of Additional Facts." Petitioner's willful ignorance of the claims he could have included in his original federal habeas petition, but did not, demonstrates bad faith. Moreover, petitioner acted with undue delay, as he initiated this habeas action on April 10, 2007, but waited over two years, until July 2, 2009 (Docket #47), and July 20, 2009 (Docket #53), before seeking to amend the petition with additional claims. Allowing petitioner to amend the petition at this juncture would prejudice the respondents, as this action has been pending over two years.

        Finally, in petitioner's motion for leave to file a second amended petition (Docket #53), petitioner informs this Court that he has returned to the state court to exhaust proposed Grounds 5, 6, 7, 8, 9, and 10 of the proposed second amended petition, by filing an original writ petition for extraordinary relief with the Nevada Supreme Court on June 11, 2009. (Exhibit 227). The Nevada Supreme Court denied the petition for extraordinary relief, declining to exercise original jurisdiction and declining to decide upon the merits of any claims raised in the petition. (Exhibit 230). The Nevada Supreme Court's decision noted that a challenge to the validity of the judgment of conviction must be raised in a post-conviction petition for a writ of habeas corpus in the state district court, pursuant to NRS 34.724(2)(b). (Exhibit 230, at p. 1). Exhaustion cannot be achieved

1 by a procedurally deficient or improper means. *Castille v. Peoples*, 489 U.S. 346 (1989). A state may mandate a particular procedure to be used to the exclusion of other avenues for seeking relief, so long as the right of review is not foreclosed or unduly limited. *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987). Presenting an issue to the state's highest court by way of a statutorily deviating path will not exhaust state remedies. *Id; see also Lindquist v. Gardner*, 770 F.2d 876, 878 (9th Cir. 1985). Petitioner did not follow Nevada's procedure for challenging his conviction, as such, his petition for extraordinary relief did not exhaust state remedies as to the proposed amendments to the petition.

## III.     Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

## IV.     Conclusion

**IT IS THEREFORE ORDERED** that petitioner's motion for a stay and abeyance (Docket #46) is **DENIED.**

1   **IT IS FURTHER ORDERED** that petitioner's motion to amend the petition (Docket
2   #47) is **DENIED.**
3   **IT IS FURTHER ORDERED** that petitioner's motion to file a second amended
4   petition (Docket #53) is **DENIED.**
5   **IT IS FURTHER ORDERED** that respondents' motion to dismiss the petition on
6   grounds of failure to exhaustion state remedies (Docket #30) is **GRANTED.**
7   **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT**
8   **ACCORDINGLY.**
9   **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**
10  **APPEALABILITY.**

12  DATED:  November 6, 2009.

*/s/ Philip M. Pro*

PHILIP M. PRO
United States District Judge